# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Sanjay Babulal Gohel,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan , et al.,**<br>Respondents | CV-10-0001-PHX-FJM (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**regarding Motion to Stay and Abey** |

**Matter under Consideration** - Petitioner has filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 3, 2010 (Doc. 12), asserting seven grounds for relief. The undersigned has tentatively concluded that some of the Petitioner's claims are procedurally defaulted or procedurally barred, and the balance are without merit. The undersigned has tentatively concluded that there is no basis for a claim of cause and prejudice, and has or will order the parties to supplement their briefs and the record to address Petitioner's claim of actual innocence.

In the meantime, Petitioner has incorporated in his Reply (Doc. 20) a Motion to Stay and Abey.

Because the resolution of that motion would effectively be dispositive of the affected claims, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

**Background** - Petitioner was convicted at a jury trial of first degree murder and conspiracy to commit first degree murder, based upon his hiring someone to kill his wife. (Pet. Exhibit 3, Mem. Dec. 3/27/03 at 3-4.) Petitioner was sentenced to life in prison without

- 1 -

possibility of parole on the murder charge, and life with possibility of parole after 25 years on the conspiracy charge. (*Id.*)

**Ground VII** - In his Ground VII, Petitioner argues that as a result of a temporary "Rapid Transcript Experiment" the clerk of the trial court omitted from the record on appeal the transcript of his aggravation/mitigation hearing, as well as the following other records: (1) minute entry of the aggravation/mitigation hearing; (2) exhibit worksheet of aggravation/mitigation hearing; (3) special verdict form prepared by the judge; (4) letters written to the judge for sentencing; and (5) the cover sheet of the transcript from the sentencing hearing of Petitioner's co-defendant. Petitioner argues that this resulted in a false certification of the record as "true and complete," and denied Petitioner his right to a full and fair hearing on direct appeal and in post-conviction review. Because Petitioner was indigent, he contends this was a denial of his Due Process and Equal Protection Rights.

Alternatively, Petitioner contends appellate counsel rendered ineffective assistance as a result of his failure to identify the omissions.

**Motion to Stay and Abey** - Petitioner argues that his state remedies on his claims in Ground VII (based upon recently discovered omissions in the appellate record), are unexhausted, and Petitioner seeks a stay of these proceedings to permit him to exhaust those remedies under *Rhines v. Weber*, 544 U.S. 269, 277 (2005). *Rhines* permits a stay where the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

**Claims Procedurally Defaulted** - Respondents argue that the claims in Ground VII are not merely unexhausted, but that they are procedurally defaulted. (Answer, Doc. 15 at 10-11.)

There is no dispute that these claims are unexhausted. Petitioner concedes his state remedies were not exhausted on this claim, but asserts they are not procedurally defaulted. (Reply, Doc. 20 at 29.) To establish that he has state remedies available, Petitioner contends that these claims can be presented in a delayed PCR petition because they constitute "newly

- 2 -

discovered evidence," and alternatively argues that they could be presented in a motion to recall the state appellate court's mandate. (*Id.* at 29-30.)

Presentation in Delayed PCR - Ariz. R. Crim. Proc. 32.1(e) authorizes PCR petitions based upon "newly discovered evidence." Rules 32.2 and 32.4 provide exceptions to the state's preclusion/waiver and timeliness bars for claims raised under Rule 32.1(e).

However, the plain import of Rule 32.1(e) is not to provide post-conviction relief for any new discovery, but simply discovery of new trial "evidence." In *State v. Sanchez*, the Arizona Court of Appeals rejected a defendant's attempt to rely on paragraph (e) where a police crime lab had changed their procedures after trial. 200 Ariz. 163, 166, 24 P.3d 610, 613 (Ariz. App. 2001). The court observed: "One of the requirements for newly discovered evidence pursuant to Rule 32.1, Ariz.R.Crim.P., is that the evidence have been in existence at the time of trial but not discovered until after trial." *Id.* at 166-167, 24 P.3d at 613-614.

Here, the omission of records did not occur until after trial, did not constitute evidence admissible at trial, and while arguably may have changed the outcome of the appeal, the omission itself could not have "changed the verdict or sentence" rendered at Petitioner's trial. Ariz. R. Crim. Proc. 32.1(e).

Moreover, the underlying records and transcripts were themselves not "discovered after the trial." At best, they were discovered by habeas counsel after the trial. But as part of the record at trial, their contents were known to the defense.

Accordingly, the undersigned finds that the claims in Ground 7 are not presentable under the newly discovered evidence exception in Ariz. R. Crim. Proc. 32.1(e). Thus, they are barred under Arizona's procedural bars in Rules 32.2 and 32.4.

Presentation in Motion to Recall Mandate - Petitioner also argues he might be able to obtain review under Arizona's process for recalling an appellate mandate. That indeed may be the case.

However, Petitioner acknowledges that this procedure is only available "where 'the interests of justice outweigh the interest in bringing litigation to an end.' " (Reply, Doc. 20 at 29 (quoting *Lindus v. Northern Insurance*, 103 Ariz. 160, 162, 438 P.2d 311, 313 (1968)).)

Thus, Petitioner's presentation of his claim in that context would not be "fair presentation." "[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless "there are special and important reasons therefor,". . .that "does not, for the relevant purpose, constitute 'fair presentation.'" *Castille v. Peoples,* 489 U.S. 346, 351 (1989). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland,* 33 F.3d 36, 38 (9th Cir. 1994)

While actual consideration of the merits of a federal claim by the state courts, even if the claim were not fairly presented would result in exhaustion, this Court is not faced with such actual exhaustion. (Indeed, in the interval that this matter has been pending, Petitioner has not sought to pursue his state remedies.) Thus, the mere availability of the potential for such a decision does not avoid the effect of Petitioner's current technical exhaustion and procedural default. "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred...there is a procedural default." *Coleman v. Thompson,* 501 U.S. 722, 735, n.1 (1991).

Any other conclusion would effectively eviscerate the procedural default rule, at least to the extent that there were conditions under which a state court might exercise some discretion to revisit a ruling based on an assertion of extraordinary circumstances.

Accordingly, the undersigned has concluded that Petitioner's motion to stay fails to show that the claims in Ground VII are not procedurally defaulted, and thus *Rhines* has no application to this proceeding.

**Claims Meritless** - Even if Petitioner's state remedies were merely unexhausted and he could show good cause for his failure to exhaust, Petitioner is not entitled to a stay "when his unexhausted claims are plainly meritless."

Here, Petitioner's claims are plainly meritless because Petitioner fails to show any prejudice from the omissions.

Failure to provide perfect or complete transcripts is not a *per se* denial of equal protection and due process. Rather, some specific prejudice must be shown by Petitioner. *See Bransford v. Brown*, 806 F.2d 83, 85-86 (6th Cir. 1986), *cert. denied*, 481 U.S. 1056 (1987). *See also U.S. v. Wilson*, 16 F.3d 1027, 1031 (9th Cir. 1994) (applying 28 U.S.C. § 753(b)(1), and concluding "failure to record all proceedings verbatim does not necessarily require reversal...[r]ather, the defendant must demonstrate 'specific prejudice' resulting therefrom").

Petitioner argues that his Fourteenth Amendment "right to transcripts cannot be conditioned on a showing of what might be in the unprepared transcripts." (Amend. Pet. Doc. 12 at 13.) However, the cases upon which Petitioner relies all dealt with the complete denial of a transcript, not simple errors in the transcripts or the omission of specific portions. *See Eskridge v. Washington State Bd. of Prison Terms and Paroles*, 357 U.S. 214 (1958) (no transcripts provided); *Draper v. Washington*, 372 U.S. 487 (1963) (same); *Lane v. Brown*, 372 U.S. 477 (1963) (same).

Moreover, in *Eskridge*, the Court considered the state's argument that transcripts were not required because notes of the proceedings could have been utilized, thereby suggesting that some prejudice was required, but rejected the argument because "there is nothing in this record to show that any were available to petitioner." 357 U.S. at 215. In *Draper*, the Court went the next step and held that "[a]lternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." 372 U.S. at 495. And, while the *Draper* Court acknowledged that the state could legitimately limit transcripts to those "portions relevant to" the assignments of error, it held the state could not condition the right to the relevant portions upon a trial judge's finding that the assignments of error had sufficient merit. *Id.* at 496-498. In *Lane*, the Court applied that principle to hold invalid a provision conditioning access to transcripts upon approval by the public defender. 372 U.S. at 485.

Here, Petitioner was not denied access to all transcripts, nor even denied access to portions he requested. Rather, there was an error (perhaps compounded by the Rapid

1 Transcripts experiment), that resulted in a failure to transcribe a single hearing: the
2 aggravation/mitigation hearing.

3 Thus, Petitioner must show that he was prejudiced by the omission in order to
4 establish his Fourteenth Amendment claim. Doing so requires Petitioner to show that some
5 viable claim was lost.

6 Similarly, to support his ineffective assistance claim, Petitioner must show that
7 appellate counsel's failure to note the omission resulted in prejudice. *Strickland v.*
8 *Washington*, 466 U.S. 668, 687-688 (1984). To establish prejudice, a petitioner "must show
9 that there is a reasonable probability that, but for counsel's unprofessional errors, the result
10 of the proceeding would have been different. A reasonable probability is a probability
11 sufficient to undermine confidence in the outcome." *Id.* at 694. In this context, that means
12 that Petitioner must establish that a viable claim was lost.

13 Petitioner fails to show that a viable claim was lost as a result of the absence of the
14 omitted transcript and records. In his Amended Petition, Petitioner simply asserts that
15 unspecified legal arguments were or could be revealed, including a possible argument that
16 the trial judge abused his discretion in choosing between a life sentence and a natural life
17 sentence. (Doc. 12 at 13.)

18 In his Reply, armed with the completed transcript, Petitioner still failed to set out any
19 viable claims.

20 Petitioner raises the specter of an abuse of discretion in sentencing. However,
21 Petitioner fails to show any such abuse, and instead simply argues that the "judge's discretion
22 could now be evaluated differently." (Reply, Doc. 20 at 33.) Petitioner does not assert that
23 such an evaluation in fact supports an assertion of an abuse of discretion.

24 Petitioner also suggests that the omitted records "sheds light on" Petitioner's claims
25 in Ground 1 (vagueness) and Ground 2 (*Apprendi*). Petitioner argues this is so because the
26 Arizona courts might find an abuse of discretion, thereby lending credence to his vagueness
27 and *Apprendi* claims. (Reply, Doc. 20 at 33.) However, Petitioner's arguments on Grounds
28 1 and 2 make no reference to the omitted records or transcripts. (*See* Amend. Pet. Doc. 12

1 at 6-7; Reply, Doc. 20 at 6-16.) This suggests that Petitioner has not found anything within the transcripts to support those claims. Moreover, Petitioner's arguments on Ground 7 fail to show how the transcripts do, in fact, support those claims.

In sum, Petitioner has failed to show that a viable claim was lost as a result of the omitted records. Accordingly, his Ground 7 is plainly without merit. Therefore, even if Petitioner had state remedies available to fairly present and properly exhaust his claims in Ground 7, the stay should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Stay and Abey, filed August 6, 2010 (Doc. 20), be **DENIED**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to *Local Civil Rule 7.2(e)(3)*, unless otherwise permitted by the Court, an objection to a Report and Recommendation shall not exceed ten (10) pages. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: September 15, 2011

_____
JAY R. IRWIN
United States Magistrate Judge