IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sanjay Babulal Gohel, | ) | No. CV 10-0001-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

The court has before it petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 12), petitioner's memorandum in support of petition (doc. 5), respondents' answer (doc. 15), petitioner's reply and motion to stay and abey (doc. 20), respondents' supplemental answer (doc. 26), and petitioner's supplemental reply (doc. 29). We also have the Report and Recommendation of the United States Magistrate Judge recommending that petitioner's motion to stay and abey be denied (doc. 24). The parties did not file objections.

Under 28 U.S.C. § 636(b)(1)(C), we must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." De novo review is not required absent an objection or request for review by the defendant. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Petitioner, a state prisoner, filed a single petition for habeas corpus relief containing

1 some claims that have been exhausted in state court and some that have not. Ground VII,
2 included for the first time in petitioner's amended petition, contains several claims. These
3 claims are based on the fact that an incomplete record was transmitted to the appellate court.
4 The missing documents included the transcript of petitioner's aggravation/mitigation hearing,
5 a minute entry, exhibit worksheet, and special verdict from that hearing, thirteen letters
6 written to the sentencing judge on petitioner's behalf, and the cover sheet of a transcript from
7 the sentencing of petitioner's co-defendant. Petitioner asserts the incomplete record resulted
8 in a denial of his rights to due process and equal protection under the Fourteenth Amendment
9 to the United States Constitution. He claims his counsel's failure to notice the error was also
10 ineffective assistance. In addition, petitioner claims the omitted records would have helped
11 some of his other arguments. Petitioner requests a stay so he can exhaust these claims in
12 state court.

13 Petitioner admits his claims based on the incomplete record are not exhausted. He
14 argues, though, that state remedies are available because his claims are based on newly
15 discovered evidence or, alternatively, could be presented in a motion to recall an appellate
16 mandate. Respondents contend that petitioner has procedurally defaulted and the magistrate
17 judge agreed.

18 A mixed petition should be stayed, not dismissed, "if the petitioner had good cause
19 for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no
20 indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v.
21 Weber, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005). The magistrate judge found that
22 Rhines does not apply since petitioner failed to show his claims are not procedurally
23 defaulted. Even if he could show good cause for his failure to exhaust, though, his claims
24 are plainly meritless and so his petition should not be stayed.

25 Rule 32.1(e), Ariz. R. Crim. P., permits a petition for post-conviction relief based
26 upon "[n]ewly discovered material facts [that] probably would have changed the verdict or
27 sentence." To be considered newly discovered, the evidence must have existed at the time
28 of the trial but discovered after the trial. The omission of records here did not occur until

1 after the trial and would not have changed the verdict or sentence.  Therefore, the omitted
2 records are not newly discovered evidence under Rule 32.1(e) and the claims are barred by
3 the preclusion and timeliness bars of Rules 32.2 and 32.4, Ariz. R. Crim. P.  "[I]f the
4 petitioner failed to exhaust state remedies and the court to which the petitioner would be
5 required to present his claims in order to meet the exhaustion requirement would now find
6 the claims procedurally barred. . . . there is a procedural default for purposes of federal
7 habeas."  Coleman v. Thompson, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 n.1 (1991).

8 Even if petitioner's claims were not procedurally defaulted, he would not be entitled
9 to a stay because his claims are meritless.  He failed to show any "specific prejudice"
10 resulting from the omission of records on appeal.  United States v. Wilson, 16 F.3d 1027,
11 1031 (9th Cir. 1994) (when court reporter failed to record all proceedings verbatim,
12 defendant had to demonstrate specific prejudice resulted to obtain reversal); Bransford v.
13 Brown, 806 F.2d 83, 86 (6th Cir. 1986) (petitioner had to show prejudice resulting from
14 missing transcripts to demonstrate denial of a fair appeal).  Petitioner did not show that
15 prejudice resulted because he did not show that a viable claim was lost due to the missing
16 transcript.  Once he received the omitted documents, he still failed to raise any viable claims.
17 He suggests that the records help his other arguments, but makes no reference to the records
18 to support those claims.  He says the judge's discretion in sentencing could now be fully
19 evaluated, but he does not point to any portions of the records which support an assertion of
20 an abuse of discretion.

21 Petitioner additionally claims that the failure to notice the omissions was ineffective
22 assistance of counsel in violation of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
23 (1984).  Under Strickland, though, a petitioner must establish prejudice by showing "that
24 there is a reasonable probability that, but for counsel's unprofessional errors, the result of the
25 proceeding would have been different."  Id. at 694, 104 S. Ct. at 2068.  Petitioner has not
26 shown how the result of his appeal would have been different if his counsel had noticed the
27 missing records.

28 Petitioner's arguments in Ground VII do not have merit.  Consequently, even if state

1 remedies were available to fairly present and properly exhaust his claims, he is not entitled
2 to a stay.
3      **IT IS THEREFORE ORDERED** accepting the recommendation of the magistrate
4 judge (doc. 24) and **DENYING** the motion to stay and abey (doc. 20).
5      DATED this 3rd day of November, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge